UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Syed Shah, individually and on behalf of all others similarly situated;<br><br>                        Plaintiff,<br><br>   -v.-<br><br>Frontline Asset Strategies, LLC,<br>Galaxy International Purchasing, LLC,<br><br>                        Defendant(s). | Civil Action No: 1:21-cv-6817<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Syed Shah ("Plaintiff")brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Frontline Asset Strategies, LLC ("Frontline") and Galaxy International Purchasing, LLC ("Galaxy"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors'

harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Queens.

10. Defendant Frontline Asset Strategies, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2700 Snelling Ave N., Ste 250, Roseville, MN 551133 and may be served with process through its registered agent C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant Galaxy International Purchasing, LLC is a "debt collector" as the phrase is defined in <u>15 U.S.C. § 1692(a)(6)</u> and used in the FDCPA and may be served with process through its registered agent Corporation Service Company, 80 State Street, Albany, NY 12207.

13. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

14. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Frontline sent a collection letter;

    c. on behalf of Defendant Galaxy;

    d. attempting to collect a consumer debt;

    e. after knowledge of a consumer's bankruptcy filing;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's collection actions such as the referenced letter attached as Exhibit A, violate 15 U.S.C. §§ l692e, and 1692f.

19. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    g. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    h. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, and §1692f.

  i. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  j. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  k. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

Case 1:21-cv-06817-LDH-SJB     Document 1     Filed 12/08/21     Page 6 of 10 PageID #: 6

## FACTUAL ALLEGATIONS

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. On a date better known to non-party and the original creditor The Bank of Missouri ("TBOM"), the Plaintiff incurred an obligation.

25. The TBOM obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The TBOM obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

27. TBOM is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. TBOM sold the debt to Defendant Galaxy the current owner of the debt and Galaxy contracted Defendant Frontline to collect the alleged debt.

29. Defendant Frontline is collecting the alleged debt on behalf of Defendant Galaxy.

30. Defendants Frontline and Galaxy collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – December 8, 2020 Collection Letter*

31. On or around October 1, 2020, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Eastern District of New York, case number 20-43545, invoking the protection of the automatic stay pursuant to 11 U.S.C. §362.

32. Plaintiff listed TBOM as a creditor for a debt ("subject debt") on his Schedule F. The Schedule F was served by mail to Defendant EPCF.

33. In addition the Bankruptcy Noticing Center sent notice via electronic transmission to Quantum3 Group LLC as agent for Defendant Galaxy.

34. The filing of the Bankurptcy case imposed an automatic stay against collection activites, providing as follows:

    > That credirots generally may not take action to collect debts from the debtors or the debtors' property.Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

35. Pursuant to 11 U.S.C. § 362(a)(6), the filing of a bankruptcy operates as a stay, of any acti to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

36. On or around December 8, 2020 Defendant Frontline sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Galaxy. See Letter attached hereto as Exhibit A.

37. The Letter specifically demanded payment for a debt included in Bankruptcy and subject to the automatic stay.

38. The Defendants should have had systems in place to prevent and identify the collection of debts included in bankruptcy and subject to the automatic stay.

39. Defendants attempt to collect a debt from the Plaintiff, was an illegal practice.

40. Defendants attempt to collect a debt from the Plaintiff, constitute the threat to take an action that cannot legally be taken or that is not intended to be taken because Defendants cannot collect a debt while the bankruptcy case is pending.

41. Because of Defendants actions, Plaintiff expended time, money, and effort in determining the proper cause of action.

42. In addition, Plaintiff suffered emotional harm due to Defendants improper acts.

43. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

44. Defendants' collection efforts with respect to this allege debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45. Defendants attempt to collect a debt from the Plaintiff, constitutes harassment and the unfair and unconscionable means to collect a debt.

46. Defendants attempt to collect a debt from Plaintiff, were deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

47. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. Defendant violated §1692e :

   a. As the Letter was attempt to collect a debt included in Bankruptcy and subject to the automatic stay in violation of §1692e(2), and §1692e(5).

  b. By making a false and misleading representation in violation of §1692e(10).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.***

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56. Defendant violated this section by falsely telling the Plaintiff that they were demanding payment on this debt.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Syed Shah, individually and on behalf of all others similarly situated, demands judgment from Frontline Asset Strategies, LLC and Galaxy International Purchasing, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 8, 2021                                                       Respectfully Submitted,

**HOROWITZ LAW, PLLC**

*/s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Ph: 718-705-8700
Fax: 718-705-8705
uri@horowitzlawpllc.com
*Counsel for Plaintiff*